**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 29 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOHN LEE BIGBEAVER,

Defendant - Appellant.

No. 25-5656

D.C. No.
4:24-cr-00099-BMM-1

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, Chief District Judge, Presiding

Argued and Submitted June 11, 2026
Portland, Oregon

Before: CHRISTEN, HURWITZ, and BADE, Circuit Judges.

John Lee Bigbeaver pleaded guilty to felony child abuse, in violation of 18 U.S.C. § 1153(a) and Mont. Code Ann. §§ 45-5-512(1), (2)(b)(i), and assault resulting in substantial bodily injury to an individual under the age of sixteen, in violation of 18 U.S.C. §§ 1153(a) and 113(a)(7). He challenges the sentencing court's application of Sentencing Guideline § 2A2.2, which applies to conduct that

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

constitutes aggravated assault. *See* U.S. Sent'g Guidelines Manual § 2A2.2 (U.S. Sent'g Comm'n 2024) ("U.S.S.G."). We have jurisdiction under 28 U.S.C. § 1291 and review the district court's interpretation of the Guidelines de novo. *United States v. Castillo*, 69 F.4th 648, 652 (9th Cir. 2023). We affirm.

The Statutory Index in Appendix A of the Guidelines instructs the sentencing court to calculate the base offense level for Bigbeaver's statute of conviction, 18 U.S.C. § 113(a)(7), under U.S.S.G. § 2A2.3. *See* U.S.S.G. app. A. But § 2A2.3 requires the court to apply U.S.S.G. § 2A2.2 instead "[i]f the conduct constituted aggravated assault." *Id.* § 2A2.3(c). The Guidelines do not define "aggravated assault." *See id.* Instead, the commentary to § 2A2.2 defines "aggravated assault" to include "a felonious assault that involved . . . strangling, suffocating, or attempting to strangle or suffocate." *Id.* § 2A2.2, cmt. n.1. It is undisputed that Bigbeaver strangled his daughter. Following the commentary, the district court applied § 2A2.2 to calculate Bigbeaver's base offense level.

Bigbeaver challenges the district court's reliance on the commentary. We apply the framework in *Kisor v. Wilkie*, 588 U.S. 558 (2019), "to determine whether to defer to the commentary's interpretation." *United States v. Trumbull*, 114 F.4th 1114, 1117-18 (9th Cir. 2024), *cert. denied*, 145 S. Ct. 1952 (2025). Under *Kisor*, "courts owe deference to an agency's interpretation of its own rules where (1) the regulation is genuinely ambiguous, (2) the interpretation is reasonable, and (3) the

interpretation is entitled to controlling weight." *United States v. Yafa*, 136 F.4th 1194, 1197 (9th Cir. 2025) (cleaned up). The definition of aggravated assault in the commentary to § 2A2.2 satisfies these requirements.

a. The term "aggravated assault" is genuinely ambiguous. It is not defined in the text of Guidelines, and neither party contends that the term has a "single meaning . . . evident from [§ 2A2.2's] text." *Id.* at 1198. Aggravated assault generally means "[c]riminal assault accompanied by circumstances that make it more severe." *Assault*, *Black's Law Dictionary* (12th ed. 2024). But aggravated and severe are "relative term[s] with . . . meaning[s] that may vary depending on the context." *Trumbull*, 114 F.4th at 1119. Thus, "uncertainty remains following a plain reading of the term." *Yafa*, 136 F.4th at 1198 (cleaned up).

The "structure, history, and purpose" of the Guidelines do not resolve the ambiguity. *Kisor*, 588 U.S. at 575. The Guidelines instruct courts to apply the "cross references in Chapter Two" based on "all acts and omissions committed . . . by the defendant" during the commission of the offense, even if not an element of the offense of conviction. U.S.S.G. § 1B1.3(a). Section "1B1.3's broad directive . . . adds further ambiguity" and "strongly suggests that [aggravated assault] is not limited," as Bigbeaver contends, to the offenses assigned to § 2A2.2 in the Statutory Index. *Yafa*, 136 F.4th at 1198.

Bigbeaver argues that the Commission added strangulation to the definition of aggravated assault in the commentary to § 2A2.2 to address only strangulation of intimate partners. *See* U.S.S.G. supp. app. C, amend. 781 (Nov. 2014). The historical record does not unambiguously reflect Bigbeaver's limited view of Amendment 781. *See, e.g., id.* (reason for amendment); Violence Against Women Reauthorization Act of 2013, Pub. L. No. 113–4, 127 Stat. 54 (2013). Thus, "even after employing the traditional tools of interpretation, a genuine ambiguity exists." *Yafa*, 136 F.4th at 1198.

b.　Therefore, we must determine whether the commentary's definition of aggravated assault is reasonable. *See Kisor*, 588 U.S. at 575-76. We conclude that it is. If *attempting* to strangle an adult intimate partner is treated as aggravated assault, *see* U.S.S.G. § 2A2.2(b)(4), then it is eminently reasonable that *actual* strangulation of a child resulting in substantial bodily injury is also. Amendment 781 explained that "almost all cases" involving strangulation occur "in the domestic violence context," *see* U.S.S.G. supp. app. C, amend. 781 (Nov. 2014), and domestic violence has been defined in various statutes to include a parent's assault on a child, *see* 18 U.S.C. § 117(b) (defining "domestic assault" as "an assault committed by a current or former spouse, parent, child, or guardian of the victim"); U.S.S.G. § 2A6.2(b)(1)(C) (enhancement for strangulation during a violation of a protective order pursuant to 18 U.S.C. § 2262). Several states expressly define strangulation as

4                                                            25-5656

aggravated or felony assault. *See Trumbull*, 114 F.4th at 1119 (concluding that definition in Guidelines commentary was reasonable because of similarity to state definitions); Ark. Code Ann. § 5-13-204(a)(3); Cal. Penal Code § 273.5(a), (d); Ga. Code Ann. § 16-5-21(a)(3); Me. Stat. tit. 17-A, § 208(1)(C); Minn. Stat. § 609.2247; Neb. Rev. Stat. § 28-310.01; Tenn. Code Ann. § 39-13-102(a)(1)(A)(iv); Va. Code Ann. § 18.2-51.6. Defining aggravated assault to include a felonious assault involving strangulation is therefore consistent with the "text, structure, [and] history" of the Guidelines. *Kisor*, 588 U.S. at 576.

    c.    Before deferring to a "reasonable agency reading of a genuinely ambiguous rule," we must consider whether the interpretation is entitled to "controlling weight." *Id.* An interpretation is entitled to controlling weight if it "(1) constitutes the agency's official position . . . (2) implicates the agency's substantive expertise, and (3) reflects the agency's fair and considered judgment." *Yafa*, 136 F.4th at 1199 (cleaned up).

    "The commentary is issued by the Commission as its official position" and "implicates the Commission's substantive expertise." *Id.* It is not merely a "convenient litigating position," "*post hoc* rationalization advanced to defend past agency action," or "new interpretation . . . that creates unfair surprise." *Kisor*, 588 U.S. at 578-79 (cleaned up). Amendment 781, which added strangulation to the definition of aggravated assault in the commentary, was published in the Federal

Register, another indication that it is entitled to controlling weight. *See Trumbull*,

114 F.4th at 1120-21.

**AFFIRMED.**